**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Azmat Khawaja, et al.**

**v.** Case No. 14-cv-00117-PB
Opinion No. 2014 DNH 195

**The Bank of New York Mellon**

**MEMORANDUM AND ORDER**

Bank of New York Mellon ("BNY Mellon") foreclosed on the property of Azmat and Dawn Khawaja. After BNY Mellon sought to evict the Khawajas from the property, they brought a plea of title action against BNY Mellon in state court. BNY Mellon removed the action to this Court and now moves to dismiss the Khawajas' complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, I grant BNY Mellon's motion and dismiss the Khawajas' complaint.

## I. BACKGROUND

I draw the following factual background from the plaintiffs' complaint and its attached exhibits (Doc. No. 1-1). See In re Lane, 937 F.2d 694, 696 (1st Cir. 1991) (exhibits attached to a complaint are "properly considered part of the

pleadings for rule 12(b)(6) purposes”).[1]

In March 2007, the Khawajas granted a mortgage on their property to Mortgage Electronic Registration Systems, Inc., or “MERS,” acting as nominee for First Horizon Home Loan Corporation. The mortgage was later assigned to BNY Mellon in its capacity as trustee of a securitized mortgage trust.

On February 10, 2011, BNY Mellon completed a foreclosure sale of the Khawajas’ property. On April 19, 2011, the Khawajas brought an action for both wrongful foreclosure and plea of title against BNY Mellon in the Hillsborough County Superior Court. Because BNY Mellon failed to appear before the court to defend against the Khawajas’ action, the court issued an order on November 4, 2011 invalidating the foreclosure sale (the “2011 Order”). In that order, the court “declare[d] the foreclosure sale of the [Khawajas’] property void” and ordered the Khawajas

[1] In an exhibit attached to their complaint, the plaintiffs also extensively discuss a foreclosure deed filed with the Hillsborough County Registry of Deeds. See Doc. No. 1-1 at 10. Although the plaintiffs did not attach the foreclosure deed to their complaint, the defendants have produced a copy of the deed with their objection. See Doc. No. 5-8. Because the plaintiffs relied on the foreclosure deed in their complaint and the deed’s authenticity is not in dispute, I may consider it in deciding this motion to dismiss. See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir. 1998) (where a document of undisputed authenticity was “discusse[d] . . . at considerable length” in complaint but not attached, document “effectively merge[d] into the pleadings and the trial court [could] review it in deciding a motion to dismiss”).

to "record a copy" of the order with the Registry of Deeds "to give notice to any potential purchasers" of the property. Doc. No. 1-1 at 14-15.

In October and November 2012, BNY Mellon published three notices in a Manchester, N.H. newspaper announcing that it planned to conduct a second foreclosure sale of the Khawajas' property. On October 21, 2012, BNY Mellon delivered a copy of the foreclosure notice directly to the Khawajas. In response, the Khawajas sent a letter to counsel for BNY Mellon in November 2011 objecting to the planned sale and arguing that the 2011 Order precluded BNY Mellon from foreclosing on the property. See id. at 20-21. The Khawajas, however, did not seek to enjoin the sale before it occurred.

After multiple continuances, BNY Mellon completed the second foreclosure sale on April 2, 2012 (the "Second Sale"). The foreclosure deed resulting from the Second Sale was executed in November 2012 and recorded in April 2013. In August 2013, BNY Mellon brought a possessory action against the Khawajas in Manchester District Court.

The Khawajas moved to dismiss the possessory action, arguing that the 2011 Order, which invalidated the first foreclosure, also precluded BNY Mellon from conducting the Second Sale. See id. at 10-12. Because their argument brought

title to the property into question, however, New Hampshire law required the Khawajas to litigate their claim in a plea of title action before the superior court rather than in the pending possessory action before the district court. See N.H. Rev. Stat. Ann. §§ 540:16 - 540:18.

Thus, on September 25, 2013, the Khawajas brought a plea of title action against BNY Mellon in the Hillsborough County Superior Court. Doc. No. 1-1 at 2-5. In March 2014, BNY Mellon removed the action to this Court. Doc. No. 1. BNY Mellon now moves to dismiss the complaint for failure to state a claim upon which relief can be granted. Doc. No. 5.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citations omitted).

In deciding a motion to dismiss, I must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir. 2002). In addition to the facts set forth in the complaint, I consider "documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citing In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003)).

## III. ANALYSIS

The Khawajas seek to both invalidate the Second Sale and enjoin BNY Mellon from bringing any further possessory actions against them. See Doc. No. 1-1 at 4. They argue that they are entitled to this relief because the 2011 Order stripped BNY Mellon of both title to the property and any further power to foreclose. See id. at 2-5. For that reason, they argue, the Second Sale is invalid because BNY Mellon lacked authority to conduct it. See id. at 2-5. In its motion to dismiss, BNY Mellon argues that this claim fails because, under § 479:25, II

of the New Hampshire Revised Statutes, the Khawajas were required to raise it before the Second Sale took place. See Doc. No. 5-1 at 6. Because the Khawajas failed to do so, BNY Mellon contends, this claim is now forfeited as a matter of law, regardless of its substantive merits. See id. at 6.

Section 479:25, II requires mortgagees to provide notice to mortgagors prior to foreclosing on mortgaged property. The notice must inform mortgagors of their right to "petition the superior court . . . to enjoin the scheduled foreclosure sale." N.H. Rev. Stat. Ann. § 479:25, II. Critically, however, § 479:25, II further provides that a mortgagor's "[f]ailure to institute such petition . . . prior to sale shall thereafter bar any action or right of action of the mortgagor based on the validity of the foreclosure." N.H. Rev. Stat. Ann. § 479:25, II.

In applying § 479:25, II, the New Hampshire Supreme Court has explained that a mortgagor forfeits any right to challenge a completed foreclosure "based on facts which the mortgagor knew or should have known soon enough to reasonably permit the filing of a petition prior to the sale." Murphy v. Fin. Dev. Corp., 495 A.2d 1245, 1249 (N.H. 1985); see also Gordonville Corp. v. LR1-A Ltd. P'ship, 856 A.2d 746, 752 (N.H. 2004) (holding that "to preserve a challenge to the validity of the foreclosure

sale," a mortgagor must raise that challenge prior to the foreclosure sale). In keeping with this well established rule, this Court has also repeatedly held that § 479:25, II bars any challenge to a foreclosure sale based on facts that the mortgagor knew about, or should have known about, before the sale. See, e.g., Neenan v. CitiMortgage, Inc., 2013 D.N.H. 163, 2013 WL 6195579, at *3 (D.N.H. Nov. 26, 2013); Magoon v. Fed. Nat'l Mortg. Ass'n, No. 13-cv-250-JD, 2013 WL 4026894, at *1 (D.N.H. Aug. 6, 2013); Calef v. Citibank, N.A., 2013 D.N.H. 23, 2013 WL 653951, at *3-*4 (D.N.H. Feb. 21, 2013).

The Khawajas have not disputed that they received prior notice of the Second Sale. Furthermore, their November 2011 letter to BNY Mellon confirms that they had actual knowledge of both the 2011 Order and the impending Second Sale, which constitute the essential facts that underlie this claim, more than four months before the Second Sale occurred. See Doc. No. 1-1 at 20-21. Thus, the Khawajas' complaint itself establishes that they both "knew" and "should have known" of the facts supporting their claim well before the Second Sale took place. See Murphy, 495 A.2d at 1249. Because they failed to raise that claim in a petition to enjoin the Second Sale before the sale occurred, they have now forfeited the claim under § 479:25, II. See Gordonville Corp., 856 A.2d at 752.

The Khawajas do not directly respond to BNY Mellon's forfeiture argument. Instead, and with little explanation, they offer three further bases to support their claim: claim and issue preclusion, the New Hampshire Supreme Court's decision in Deutsche Bank Nat. Trust Co. v. Kevlik, 20 A.3d 1002 (2011), and § 540:18 of the New Hampshire Revised Statutes.[2] See Doc. No. 1-1 at 12; Doc. No. 6 at 1-2; Doc. No. 9 at 2. These arguments, however, at best amount to variations of the Khawajas' substantive claim. Because that claim is forfeited under § 479:25, II, its substantive merits are immaterial, however the Khawajas choose to characterize them. The Khawajas do not contend that any of their arguments qualify as an exception to the § 479:25, II bar, and I am not otherwise aware of any reason why § 479:25, II should not bar their claim as a matter of law.

[2] Even if the preclusion argument were not forfeited under § 479:25, II, it is doubtful that the 2011 Order would preclude BNY Mellon's possessory action. The Khawajas effectively argue that the 2011 Order extinguished any property interest BNY Mellon may have ever held in the property. See Doc. No. 1-1 at 1-2. The 2011 Order, however, only "declare[d] the foreclosure sale of the subject property void"—that is, the first foreclosure sale that occurred on February 10, 2011. Id. at 14-15. It did not purport to enjoin any future foreclosure sales, and it did not address title to the property except to invalidate the February 10, 2011 sale. See id.

## IV. CONCLUSION

For these reasons, I grant BNY Mellon's motion to dismiss the Khawajas' complaint for failure to state a claim upon which relief can be granted. Doc. No. 5. The clerk shall enter judgment accordingly and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

September 18, 2014

cc: Azmat Khawaja, pro se
Dawn Khawaja, pro se
Jennifer Turco Beaudet, Esq.
Thomas J. Pappas, Esq.